\*\*Original filed 8/2/06\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANIEL FRED HERNANDEZ, JR., | ) | No. C 03-3289 JF (PR) |
| Plaintiff, | ) | |
| | ) | ORDER OF DISMISSAL; GRANTING DEFENDANTS' MOTION TO DISMISS IN PART FOR PLAINTIFF'S FAILURE TO PROSECUTE |
| vs. | ) | |
| | ) | |
| FEDERAL CORRECTIONAL INSTITUTION, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | (Docket No. 13) |

Plaintiff, a federal prisoner proceeding pro se, filed a complaint for damages under the Federal Tort Claims Act ("FTCA") against the Federal Correctional Institution in Dublin, California and the Federal Bureau of Prisons. The Court ordered service of the complaint on July 25, 2005. On September 19, 2005, Defendants made a special appearance by filing an ex parte request for the following administrative relief: an order unsealing the file, an order requiring that service be effected on Defendants as required by the Federal Rules of Civil Procedure and an extension of time to file documents as set forth in the Court's order of service. On February 16, 2006, the Court issued a second order of service and granted Defendants' requests to unseal the case and for an extension

of time. In its February 17, 2006 order, the Court issued a further scheduling order and directed Plaintiff to file a notice of intent to prosecute within thirty days, as Plaintiff had not communicated with the Court since April 2004. The Court notified Plaintiff that failure to file a notice of his current address and whether he wishes to continue to pursue the claims set forth in his complaint within thirty days would result in the dismissal of this action pursuant to Rule 41(b). See Malone v. United States Postal Serv., 833 F.2d 128, 133 (9th Cir. 1987) (a court should afford the litigant prior notice before dismissing for failure to prosecute). On March 3, 2006, the Court's order sent to Plaintiff's current address was returned by mail as undeliverable. On May 17, 2006, Defendants filed a motion to dismiss the instant complaint for lack of subject matter jurisdiction and for Plaintiff's failure to prosecute.

As of the date of this order, Plaintiff has not communicated with the Court in over two years, nor responded to Defendants' motion to dismiss. A district court may sua sponte dismiss an action for failure to prosecute or to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b). See Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). The court should consider five factors before dismissing an action under Rule 41(b): (1) the public interest in the expeditious resolution of the litigation: (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of actions on their merits. See Malone, 833 F.2d at 130.

The first three factors, above, weigh in favor of dismissal in light of the amount of time since Plaintiff's last communication with the Court and Plaintiff's failure to respond to the Court's February 17, 2006 Order. The fourth factor also weighs in favor of dismissal because less drastic sanctions would have little impact in light of Plaintiff's apparent lack of interest in this case. Although the fifth factor appears to weigh against dismissal, dismissal is appropriate in light of the other four factors. See Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002) (finding district court did not abuse its

1 discretion in dismissing petition with prejudice where three of the five factors weighed in
2 favor of dismissal).
3      Accordingly, the instant complaint is DISMISSED with prejudice for Plaintiff's
4 failure to prosecute.  Defendants' motion to dismiss is GRANTED in part as to Plaintiff's
5 failure to prosecute (docket no. 13).  Based upon this dismissal, the Court declines to
6 address Defendants' motion to dismiss for lack of subject matter jurisdiction.  The Clerk
7 shall terminate any pending motions and close the file.
8      IT IS SO ORDERED.
9 DATED: 8/2/06      /S/electronic signature authorized
10      JEREMY FOGEL
     United States District Judge

1  This is to certify that a copy of this ruling was mailed to the following:

2

3  Daniel Fred Hernandez, Jr.
96535-011
P.O. Box 3511
4  New York, NY  10008-3511

5

6  Chinhayi J. Coleman
United States Attorney's Office
150 Almaden Blvd, Suite 900
7  San Jose, CA  95113-2009

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal
P:\pro-se\sj.jf\cr.03\Hernandez289dis        4